UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PETER HESSER,

    Petitioner,

v.                                      Case No: 2:16-cv-632-FtM-29UAM
                                           Case No. 2:11-CR-83-FTM-29CM

UNITED STATES OF AMERICA,

    Respondent.

_____

## OPINION AND ORDER

This matter comes before the Court on a limited remand from the Eleventh Circuit Court of Appeals (Doc. #22) directing the Court to determine whether a certificate of appealability should issue as to the portion of Claim One which the undersigned found to be meritless, and if not, to state the reasons. For the reasons set forth below, the Court finds that petitioner is not entitled to a certificate of appealability on the remaining issue.

Petitioner Peter Hesser (petitioner or Hesser) was convicted of four tax-related felony charges after a jury trial. Petitioner's convictions were affirmed on direct appeal, but the restitution order was vacated for further proceedings. United States v. Hesser, 800 F.3d 1310 (11th Cir. 2015).

Petitioner then filed the current motion pursuant to 28 U.S.C. § 2255. On June 28, 2019, the Court issued an Opinion and Order (Doc. #15) finding that petitioner's "convictions on Counts One

through Three must be reversed because his attorney provided ineffective assistance of counsel by failing to properly challenge the sufficiency of the government's evidence when that evidence was in fact insufficient." (Doc. #15, p. 9.) Count Four, which alleged attempted tax evasion, was more complicated.

Count Four alleged three affirmative acts constituting an evasion or attempted evasion of a tax. The Court found two of these acts failed because petitioner received ineffective assistance of counsel when his attorney failed to make what would have been a meritorious Rule 29 motion. That left only one overt act which could support the charge – the allegation that petitioner attempted to remove his assets from examination of the IRS by converting his assets to gold and silver and by quitclaiming his and his wife's house to a trust. Looking only to the evidence presented in the government's case-in-chief, the undersigned found "the facts established this overt act under the Rule 29 standard, a Rule 29 motion would have been denied, the denial would have been upheld under *de novo* review, and that petitioner suffered no prejudice." (Doc. #15, p. 11.) Accordingly, petitioner had not established constitutionally ineffective assistance of counsel which completely undermined the conviction in Count Four. Strickland v. Washington, 466 U.S. 668, 694 (1984).

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this requirement, petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Reasonable jurists would not find that the Court's assessment of petitioner's ineffective assistance of counsel claim, as it relates to Count Four, is debatable or wrong, or deserving of further proceedings. Both the standards under Strickland v. Washington, 466 U.S. 668 (1984) and Rule 29 are well established, and the record established that the evidence in the government's case-in-chief satisfied the Rule 29 standard as to Count Four. See Doc. #15, pp. 11-13.

Accordingly, it is hereby

**ORDERED:**

The Clerk shall supplement the appeal by transmitting a copy of this Order to the Eleventh Circuit forthwith.

**DONE and ORDERED** at Fort Myers, Florida, this ___9th___ day of April, 2020.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
USCA
Petitioner
AUSA